UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Damiane Antron McCoy, *also known as Damaine Antron McCoy*, | ) ) ) | C/A No. 9:24-cv-04956-RMG-MHC |
| Petitioner, | ) ) | **REPORT AND RECOMMENDATION** |
| v. | ) ) ) | |
| Warden of Perry Correctional Institution, | ) ) | |
| Respondent. | ) ) ) | |

The pro se Petitioner, Damiane McCoy, also known as Damaine Antron McCoy, an inmate at South Carolina Department of Corrections (SCDC), brings this action as an application for a writ of habeas corpus (Petition) pursuant to 28 U.S.C. § 2254. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

In the Court's Order dated November 13, 2024, Petitioner was given the opportunity to bring his case into proper form by providing the item specified in the Order. He was also advised of pleading deficiencies and given an opportunity to file an amended petition. *See* ECF No. 4. Petitioner has not provided the item necessary to bring his case into proper form, and he did not file an amended petition.

## I.  BACKGROUND

At the time Petitioner filed this action he was an inmate at the Evans Correctional Institution (ECI) of the South Carolina Department of Corrections (SCDC). SCDC records indicate that Petitioner was moved to the Lee Correctional Institution (LCI) of SCDC on November 7,

2024,[1] and to Perry Correctional Institution on January 9, 2025. *See* SCDC Incarcerated Inmate Search, http://public.doc.state.sc.us/scdc-public/ [Search Inmate "Damaine McCoy"] (last visited Feb. 4, 2025).[2]

Petitioner states he is challenging his conviction in case number MAR 0967 and his sentence of seventeen and one-half years' imprisonment. ECF No. 1 at 1. However, he appears to be challenging two convictions and two sentences (case numbers 2017A3410100177 and MAR0967). Petitioner provides incomplete information as to the history of his cases.

Records from Marlboro County indicate that Petitioner was convicted in case number MAR0967 on the charge of assault first degree for which he was sentenced to ten years' imprisonment and convicted in case number 2017A3410100177 on the charge of resisting arrest with a deadly weapon for which he was sentenced to seven and one-half years' imprisonment (consecutive sentences). Petitioner filed a direct appeal of his sentences (case numbers 2017A3410100177 and MAR0967). The direct appeal was dismissed on December 8, 2021, with a remittitur date of January 5, 2022. Petitioner filed an application for post-conviction review (PCR) on January 5, 2022 (case number 2022CP3400004), and an order of dismissal[3] was issued

---

[1] The Court's November 2024 Order was mailed to Petitioner at his address of record (at ECI) and his address at LCI as listed on the SCDC website. *See* ECF No. 4.

[2] A court may take judicial notice of factual information located in postings on government websites. *See Tisdale v. South Carolina Highway Patrol*, No. 0:09–1009–HFF–PJG, 2009 WL 1491409, at *1 n. 1 (D.S.C. May 27, 2009), *aff'd*, 347 F. App'x 965 (4th Cir. 2009); *In re Katrina Canal Breaches Consol. Litig.*, No. 05–4182, 2008 WL 4185869, at * 2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records).

[3] It is unclear whether Petitioner pled guilty to the charges or if he was found guilty in a jury trial. The entries as to each case in the Marlboro County records have notations of "pled guilty[,]" but the order of dismissal in the PCR case indicates that Petitioner was found guilty in a jury trial. Petitioner checked a box on the Petition form indicating he pled not guilty, but then nonsensically wrote "FAILURE TO COMPLY WITH FAILURE TO COMPLY OBJECT." ECF No. 1 at 1. He later wrote "GUILT TO LESSER 2017A3410100177 NO GUILT TO MAR0967." *Id.* at 2.

on March 27, 2023.[4] There is no indication that Petitioner filed an appeal of his PCR. *See* Marlboro County Fourth Judicial Circuit Public Index [search case numbers listed above] (last visited Feb. 4, 2024); *State v. McCoy*, No. 2020-000180, 2021 WL 5828410 (S.C. Ct. App. Dec. 8, 2021).

## II.     <u>STANDARD OF REVIEW</u>

A pro se habeas petition is reviewed pursuant to the procedural provisions of the Rules Governing Section 2254 Proceedings in the United States District Court, 28 U.S.C. § 2254; the Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The Court screens a petitioner's lawsuit to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts.

Pro se petitions are held to a less stringent standard than those drafted by attorneys, and a court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even when considered under this less stringent standard, for the reasons set forth below, the Petition submitted in this case is subject to summary dismissal.

## III.     <u>DISCUSSION</u>

A.     <u>Failure to State a Cognizable Ground for Relief/Failure to State Relief Requested</u>

As noted above, Petitioner has not provided any ground for relief. Thus, Petitioner fails to assert a ground for relief in which he alleges that he is being held in violation of the Constitution, laws, or treaties of the United States. Additionally, in response to the question on the Petition form

---

[4] There is no indication in the record of a remittitur date.

3

asking what relief he wants the Court to grant, Petitioner wrote "ANY TYPE OF SUBJECTIONS TO ANY LOWER CLASS TRAPS TO U. CLASS PERSONS." ECF No. 1 at 15 (errors in original). It is unclear from this statement what relief Petitioner is requesting.

Rule 2(c) of the Rules Governing § 2254 Cases in the United States District Courts requires that a § 2254 petition "(1) specify all the grounds for relief available to the petitioner" and "(2) state the facts supporting each ground." Rule 2(c)(1), (2), Rules Governing § 2254 Cases. "'[I]n order to substantially comply with the Section 2254 Rule 2(c), a petitioner must state specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified.'" *Bullard v. Chavis*, 153 F.3d 719, 1998 WL 480727, at *2 (4th Cir. 1998) (Table) (quoting *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990)). "'These facts must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review.'" *Id.* Here, Petitioner has failed to specify all grounds for relief available to him and has not stated facts supporting each ground. *See Mayle v. Felix*, 545 U.S. 644, 655-56 (2005). Thus, the Petition is subject to summary dismissal because Petitioner fails to provide sufficient information to ascertain his ground(s) for habeas relief. *See Peyatt v. Holland*, 811 F.2d 1505, at *1 (4th Cir. 1987).

B.     Failure to Exhaust State Court Remedies

Additionally, it appears that Petitioner has not exhausted his state court remedies. Section 2254 contains the requirement of exhausting state court remedies. *See* 28 U.S.C. § 2254(b)–(c). The statute requires that, before seeking habeas corpus relief, a petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). Stated plainly, in the interest of giving state courts the first opportunity to consider alleged constitutional errors in state proceedings, a § 2254 petitioner is required to "exhaust" all state remedies before a federal district court can entertain his

claims. Thus, a federal habeas court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

To exhaust state court remedies in South Carolina from a criminal conviction or sentence, a defendant may file a direct appeal. *See* SCACR 203(b)(2). If a direct appeal is filed and is ultimately unsuccessful (or if no direct appeal was filed), a petitioner may file a PCR application in a court of common pleas. *See* S.C. Code § 17-27-10, *et seq*. (1976); *see also Miller v. Harvey*, 566 F.2d 879, 880–81 (4th Cir. 1977) (noting that South Carolina's Uniform Post-Conviction Procedure Act is a viable state court remedy). If a South Carolina prisoner's PCR application is denied or dismissed by a court of common pleas, the petitioner can file a request for writ of certiorari with a South Carolina appellate court. *See* S.C. Code § 17-27-100; *Knight v. State*, 325 S.E.2d 535 (S.C. 1985). If a petitioner's PCR application is denied by a court of common pleas, the petitioner must seek appellate review in the state courts or federal collateral review of the grounds raised in his PCR application may be barred by a procedural default. *See Longworth v. Ozmint*, 377 F.3d 437, 447–48 (4th Cir. 2004) (finding that exhaustion requires state prisoners to complete at least one complete round of the state's established appellate review process by presenting the ground for relief in a face-up and square fashion). Here, it appears that Petitioner has not exhausted his state remedies because there is no indication he sought appellate review in the state court after the dismissal of his PCR.

C.    Failure to Bring Case Into Proper Form

Additionally, Petitioner has failed to bring this case into proper form. In the Court's November 13, 2024 Order, Petitioner was given the opportunity to bring his case into proper form by paying the five-dollar filing fee for a habeas corpus action or completing and returning a fully

completed and signed Form AO-240 (application to proceed *in forma pauperis*).[5] Petitioner was specifically warned that his failure to provide the necessary item within the timetable set forth in the Order would subject the case to dismissal. *See* ECF No. 4.[6]

The deadline for Petitioner to get his case into proper form has passed, and Petitioner has not provided the proper form item. Thus, in the alternative, it is recommended that this action be dismissed in accordance with Fed. R. Civ. P. 41. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion).

## IV. **RECOMMENDATION**

Accordingly, it is **RECOMMENDED** that the Petition in this action be **DISMISSED** without prejudice, without leave to amend,[7] and without requiring Respondent to file a return.[8]

**Petitioner's attention is directed to the important notice on the next page.**

Molly H. Cherry
United States Magistrate Judge

February 10, 2025
Charleston, South Carolina

---

[5] Petitioner filed a partially completed Form AO-240 in which he failed to answer questions 4-8. *See* ECF No. 2.

[6] As noted above, the Order was sent to Petitioner at both ECI and LCI. SCDC records indicate that Petitioner was at the LCI address both at the time the Order was mailed and at the time his response was due.

[7] *See Britt v. DeJoy*, 45 F.4th 790 (4th Cir. 2022) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend ... the order dismissing the complaint is final and appealable").

[8] Petitioner has not submitted any change of address. However, as noted above, records from SCDC indicate that Petitioner was recently moved to Perry Correctional Institution. The Clerk of Court is directed to send a copy of this Report and Recommendation to Petitioner at his address of record and to his address listed on the SCDC website (Perry Correctional Institution, 430 Oaklawn Road, Pelzer, SC 29669).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).